UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-01330-NCC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Cheryl Campbell (Plaintiff) for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 *et seq.* and for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Plaintiff has filed a brief in support of the Complaint (Doc. 13), Defendant has filed a brief in support of the Answer (Doc. 16), and Plaintiff has filed a reply brief (Doc. 17). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on January 4, 2013, and January 22, 2013, respectively (Tr. 153-168). Plaintiff was initially denied on March 14, 2013, and she filed a Request for Hearing before an Administrative Law Judge (ALJ) on April 5, 2013 (Tr. 91-95, 98-99). After a hearing, by decision dated August 29, 2014, the ALJ found Plaintiff not disabled

(Tr. 11-28). On July 9, 2015, the Appeals Council denied Plaintiff's request for review (Tr. 1-9). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

establish his or her Residual Functional Capacity (RFC). *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Id. See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing

*McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) findings of credibility made by the ALJ;

(2) the education, background, work history, and age of the claimant;

(3) the medical evidence given by the claimant's treating physicians;

(4) the subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) the corroboration by third parties of the claimant's physical impairment;

(6) the testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) the testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### III. DISCUSSION

The issue before the Court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. *See Onstead*, 962 F.2d at 804. The ALJ found that Plaintiff met the insured status through December 31, 2016; that she had not engaged in substantial gainful activity since December 17, 2012, her alleged onset date; that she had the severe impairments of arteriosclerotic heart disease (ASHD), anxiety, depression, mild degenerative disc disease of the lumbar spine, coronary artery disease requiring 5 vessel bypass,

hypertension and obesity; and that she did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations: Plaintiff can lift and carry 10 pounds frequently and 20 pounds occasionally; she is able to walk or stand for 6 hours in an 8-hour day and sit for 6 hours in an 8-hour day; she must work in an non-captive position that allows her to alternate between sitting and standing every 45 minutes for brief position changes while continuing to work at the work-station; she can occasionally balance, stoop, crouch and crawl; she is able to understand, perform, remember and carry out short and simple to moderately complex instructions; she is limited from production-rate work tasks, and can only work in a low stress environment. The ALJ determined Plaintiff is unable to perform any past relevant work but that there are jobs that exist in significant numbers in the national economy that the claimant can perform. Accordingly, the ALJ concluded that a finding of "not disabled" was appropriate.

Plaintiff contends that the ALJ's decision is not based on substantial evidence because the ALJ did not properly derive an RFC by affording minimal to no weight to the treating physician opinion, by misconstruing the cardiologist's opinion, and by improperly relying on the opinion of a single-decision-maker. For the following reasons, the Court finds Plaintiff's arguments are without merit and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**A. The Opinions of Dr. Olusanya Olusanya**

Plaintiff first argues that the ALJ erred in affording only minimal weight to the opinion of Dr. Olusanya Olusanya ("Dr. Olusanya"), her treating physician. Dr. Olusanya prepared two Medical Source Statements—one dated August 13, 2013 and another dated August 5, 2014. In

5

his Medical Source Statement dated August 13, 2013, Dr. Olusanya opined: Plaintiff could lift and/or carry 15 pounds frequently; lift and/or carry 15 pounds occasionally; stand and/or walk continuously for 1 hour; stand and/or walk throughout an 8-hour day for 3 hours; sit continuously at one time for 1 hour; and sit throughout an 8-hour day for 1 hour (Tr. 503). Dr. Olusanya also opined that Plaintiff should avoid any exposure to dust/fumes, hazards and heights (Tr. 504). Dr. Olusanya further opined Plaintiff would need to lie down or recline during the work day every hour (*Id.*).

In his Medical Source Statement dated August 5, 2014, Dr. Olusanya opined: Plaintiff could lift/carry 10 pounds occasionally; could sit for 15 minutes at one time; and could stand for 20 minutes at a time (Tr. 495). Dr. Olusanya also opined that Plaintiff would need to take unscheduled breaks during the day every 30 minutes because of her pain, chronic fatigue, anxiety as well as the adverse side effects of her medication (Tr. 496). He further opined that Plaintiff would likely be off task 25% of an average workday, was incapable of "low stress work" and would miss work or leave early more than 4 days per month (*Id.*). The ALJ reviewed Dr. Olusanya's opinions and gave them no weight and minimal weight, respectively (Tr. 22). For the following reasons, the Court finds that the ALJ gave proper weight to Dr. Olusanya's opinions.

When deciding what weight to give Dr. Olusanya's opinion, the ALJ provided a detailed accounting of Plaintiff's medical record and activities of daily living and thereafter considered that Dr. Olusanya's opinions were inconsistent with his treatment records, physical examinations, and Plaintiff's daily activities (Tr. 19-22). *See Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2) (2000)). The record supports this analysis. Dr. Olusanya's opinions are inconsistent with his treatment records and the physical

6

examinations in the record. In July 2013, Dr. Olusanya noted Plaintiff showed normal gait, 5/5 strength bilaterally proximally and distally in all four extremities, normal reflexes and coordination, and normal cardiovascular findings (Tr. 367-68). He indicated the same findings and noted that Plaintiff "denies any numbness or weakness of all extremities, difficulty walking" in August 2013 (Tr. 364-365). Plaintiff also frequently reported to various physicians that she was not suffering from chest pain, abdominal pain, or back pain (*See* Tr. 339, 341, 355, 357). In June 2013, Dr. Timothy Martin, Plaintiff's cardiologist, noted post five-vessel bypass that Plaintiff was "doing well" and that Plaintiff had no complaints of chest pain and denied back pain (Tr. 353-354). He also indicated that Plaintiff's blood pressure was under "better control" (Tr. 353).

Plaintiff's activities of daily living also support the ALJ's determination. At the hearing, Plaintiff testified that she occasionally drives (Tr. 44), cleans the bathroom (Tr. 45), does laundry even on self-reported "bad days" (*Id.*), sweeps (*Id.*), vacuums (*Id.*), helps to take care of her twin four-year old granddaughters (Tr. 46), uses the computer (*Id.*), watches television (Tr. 47) and makes simple meals (Tr. 54). Similarly, on a function report-adult completed on January 31, 2013, Plaintiff reported that she takes care of her dog (Tr. 188), makes simple meals ("sandwiches, salads, hot cereal, frozen items") (Tr. 189), is able do several household chores including dishes, laundry, cleaning bathrooms, dusting, and general pickup (*Id.*), and drives short distances (Tr. 190). *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (ALJ properly discounted plaintiff's credibility where, among other factors, plaintiff "was not unduly restricted in his daily activities, which included the ability to perform some cooking, tak[ing] care of his dogs, us[ing] a computer, driv[ing] with a neck brace, and shop[ping] for groceries with the use of an electric cart"). *See also Ponders v. Colvin*, 770 F.3d 1190 (8th Cir. 2014) (holding that

7

substantial evidence supported the ALJ's denial of disability benefits in part because claimant "performs light housework, washes dishes, cooks for her family, does laundry, can handle money and pays bills, shops for groceries and clothing, watches television, drives a vehicle, leaves her house alone, regularly attends church, and visits her family").

Furthermore, both of Dr. Olusanya's opinions are primarily in the checklist format and a physician's checkmarks on a form are conclusory opinions which can be discounted if contradicted by other objective medical evidence—as is the case here. *Stormo v. Barnhart*, 377 F.3d 801, 805-06 (8th Cir. 2004); *Hogan*, 239 F.3d at 961. *See also Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011) (holding that checkmarks on a Medical Source Statement are conclusory opinions which can be discounted if contradicted by other objective medical evidence); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (" 'The checklist format, generality, and incompleteness of the assessments limit [the assessments'] evidentiary value.' ... Indeed, '[a] treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements.") (quoting *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) and *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

Accordingly, the Court finds that the ALJ gave proper weight to Dr. Olusanya's opinions upon determining the severity of Plaintiff's impairments and her RFC, and that the ALJ's decision, in this regard, is based on substantial evidence.

**B. The Opinion of Dr. Timothy Martin**

Plaintiff next asserts that the ALJ erred in giving significant weight to the opinion of Dr. Timothy Martin ("Dr. Martin"), Plaintiff's cardiologist, because the ALJ misconstrued Dr. Martin's treatment notes, incorrectly relying on Dr. Martin's classification of Plaintiff's heart

diagnosis as New York Heart Association ("NYHA") "class I,"[1] an apparent typographical error. For the following reasons, the Court finds that the ALJ gave proper weight to Dr. Martin's opinion.

The ALJ afforded Dr. Martin's opinion significant weight. In so doing, the ALJ found Dr. Martin's assessment that Plaintiff had only NYHA class I classification and required no restrictions to be consistent with physical examinations and daily activities (Tr. 22). Both Plaintiff and the Commissioner note that a NYHA classification does not correspond to any specific RFC finding (*See* Doc. 16 at 7 and Doc. 13 at 11). *See KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 372 (8th Cir. 2016) (finding that although a class III classification could support a finding of disability, claimant's classification did not require the ALJ to make such a finding). Therefore, even if the ALJ incorrectly listed the NYHA classification as a class I instead of a class II, the Court finds the error harmless as the NYHA classification cannot alone determine a specific RFC finding and the ALJ's determination to afford Dr. Martin's opinion significant weight is supported by substantial evidence.

First, the ALJ properly considered that Dr. Martin had not set forth any restrictions regarding Plaintiff's functioning and found this decision consistent with physical examinations (Tr. 22). *Tomlin v. Colvin*, No. 4:13CV2424 SPM, 2015 WL 58934, at *18 (E.D. Mo. Jan. 5, 2015) (citing *Byes v. Astrue*, 687 F.3d 913, 918 (8th Cir. 2012) and *Hepp v. Astrue*, 511 F.3d

---

[1] The New York Heart Association Functional Classification for the stages of heart failure. Relevant to the current case, Class I and Class II are defined as follows:

> Class I: No limitation on physical activity. Ordinary physical activity does not cause undue fatigue, palpitation, dyspnea (shortness of breath).
> Class II: Slight limitation of physical activity. Comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea (shortness of breath).

American Heart Association, Classes of Heart Failure, http://www.heart.org/HEARTORG/ Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_ Article.jsp#.V3WPGqK_t4s (last updated May 4, 2016).

798, 806 (8th Cir. 2008)). In a treatment record from June 2013, Dr. Martin notes that Plaintiff had "better control of her blood pressure," reported not having any back pain, and was "doing well" (Tr. 353-354). Indeed, Dr. Martin recommends that Plaintiff "increase her activities" (Tr. 354). Second, these exams are also consistent with the records of Dr. Olusanya, discussed in more detail above (*See* Tr. 367-368). Third, the record further reflects, and the ALJ found, Dr. Martin's opinion is consistent with Plaintiff's activities of daily living, which is also addressed in more detail above (*See* Tr. 22, 44-47, 54, 188-190). Accordingly, the Court finds that the ALJ gave proper weight to Dr. Martin's opinion when determining the severity of Plaintiff's impairments and her RFC.

**C. Reliance on the Opinion of a Single Decision Maker**

Finally, Plaintiff asserts that the ALJ erred by improperly relying on the opinion of a single decision maker ("SDM"), Barbara Markway, Ph.D. ("Dr. Markway")[2]. A SDM is not a medical source and his/her opinion is not due any significant weight. *Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007). The ALJ may not rely on a SDM opinion. *Kettering v. Astrue*, 4:11CV646 RWS FRB, 2012 WL 3871995 (E.D. Mo. Aug. 13, 2012) report and recommendation adopted, 4:11CV646 RWS, 2012 WL 3872021 (E.D. Mo. Sept. 6, 2012) ("In addition, while the ALJ considered [the SDM's] opinion, he properly did not rely on it in making his determination as to plaintiff's RFC.").

Dr. Markway completed a case analysis of Plaintiff's file on March 14, 2013 (Tr. 65-73). In her analysis, Dr. Markway opined Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, and sit, stand and/or walk for 6 hours in an 8-hour workday (Tr. 67-68). In her decision, the ALJ incorrectly characterized Dr. Markway as a "State agency psychological

---

[2] Plaintiff incorrectly identifies the single decision maker as Vickie Branson. However, Ms. Branson was the disability adjudicator, not the single decision maker, assigned to Plaintiff's case (*See* Tr. 73).

10

consultant" and afforded Dr. Markway's opinion "weight" (Tr. 22). In doing so, the ALJ found Dr. Markway's opinion that Plaintiff had mild limitations in social functioning and moderate limitations in activities of daily living and concentration to be consistent with Plaintiff's subjective complaints and ongoing problems with stress and anxiety. However, as noted by the Plaintiff (Doc. 13 at 13 n.1), the ALJ's RFC is more restrictive that the SDM's opinion; the ALJ found Plaintiff could only occasionally balance, stoop, crouch and crawl (*Compare* Tr. 18 *with* Tr. 68). Furthermore, as discussed in more detail above, the ALJ based her RFC on many factors including the medical evidence, Plaintiff's activities of daily living, Plaintiff's credibility, and Plaintiff's testimony at the administrative hearing.

Accordingly, the Court concludes the ALJ's mention of the SDM is not fatal to her RFC determination.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 15th day of July, 2016.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE